UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH J. GENTILE JR.,

                              Plaintiff,

              -against-

SUPERINTENDENT CAPRA, SING SING
CR; AND THE NEW YORK STATE COURT
OF CLAIMS,

                              Defendant.

21-CV-10388 (LTS)

ORDER TO SHOW CAUSE WHY THE
COURT SHOULD NOT ABSTAIN FROM
EXERCISING JURISDICTION OVER THIS
ACTION AND WHY THE ACTION SHOULD
NOT BE DISMISSED AS UNTIMELY

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, currently incarcerated in Mohawk Correctional Facility, brings this *pro se* action

under 42 U.S.C. § 1983, alleging "[d]eliberate [i]ndifference to Plaintiff's safety by

Superintendent Capra" and "[a]bandonment of Oath and Dereliction of Duty by the New York

State Court of Claims and the New York State Attorney General." (ECF No. 2 at 2.) By order

dated June 14, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis* (IFP).[1] For the following reasons, the Court directs Plaintiff to show

cause why this Court should not abstain from exercising jurisdiction over this action and why

this action should not be dismissed as untimely.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

**BACKGROUND**

Plaintiff Joseph J. Gentile Jr. brings this civil action alleging that in 2017, while he was incarcerated in Sing Sing Correctional Facility, he was brutally assaulted by a dangerous prisoner. Plaintiff alleges that the prisoner hit Plaintiff in the head with a brick, with the intent to cause Plaintiff critical injury or death. As a result of the assault, Plaintiff suffered permanent hearing loss in his right ear and recurring bouts of blurred vision in his right eye. He asserts that Defendant Capra's negligence caused Plaintiff to be assaulted. Plaintiff seeks $275,000.00 in monetary damages and injunctive and declaratory relief.

Plaintiff asserts that he filed an action in the New York State Court of Claim with respect to the 2017 incident and that he retained Andrew J. Pilasse as counsel, but subsequently removed him due to a conflict. Plaintiff asserts that he has consistently and diligently written to the New York State Court of Claims and the State's Attorney seeking trial or an offer of settlement, but he has not received any response. He asserts further that he continues to suffer from permanent hearing loss and bouts of blurred vision.

**DISCUSSION**

Because the claims that Plaintiff raises in this complaint have been raised and are pending in state court, *see Gentile v. State of New York*, Claim No. 130537, this Court must consider whether it should abstain from exercising jurisdiction over this action.[2]

---

[2] By email dated June 14, 2022, Eileen Fazzone, Chief Clerk of the New York State Court of Claims, informed the court that Plaintiff's action "is open and pending on the Court's Incarcerated Pro Se Calendar."

**A.     Federal courts may abstain from exercising jurisdiction over an action that raises claims that are being litigated in state court**

Under the *Colorado River* doctrine, a federal court may abstain from exercising jurisdiction in the interest of wise judicial administration and conservation of resources, but only in certain circumstances. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818-819 (1976) (explaining that none of the factors are alone "determinative . . . [and that] a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required"); *see also Am. Disposal Serv., Inc. v. O'Brien*, 839 F.2d 84, 87 (2d Cir. 1988) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983)).

In evaluating whether abstention is appropriate, federal district courts consider six factors:

> (1) whether the controversy involves a res [property] over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed . . . and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Community Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001).

After applying these factors, the Court is inclined to abstain from exercising jurisdiction over this action. Although there is no property at issue, the remaining factors weigh in favor of abstention. The federal forum is not less inconvenient than the state forum in which the parties are already litigating the matter; staying or dismissing the action will avoid piecemeal litigation; the state-court action was filed first and has advanced well beyond the stage of litigation in this Court; federal law does not necessarily provide the rule of decision; and finally, state procedures are adequate to protect Plaintiff's federal rights.

The Court therefore directs Plaintiff, within 30 days of the date of this order, to show cause why the Court should not abstain from exercising jurisdiction over this action. In so doing, he should explain why any federal rights cannot be protected in the state court action, and why he brings this action here given that he already is litigating the matter in state court.

## B.    The Court further directs Plaintiff to show cause why this action should not be dismissed as untimely

The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff's claims arise out of events that occurred in 2017. Under the applicable three-year limitations period, Plaintiff had until 2020, to file a timely claim under Section 1983. Plaintiff signed his complaint on December 1, 2021. Plaintiff does not indicate when he submitted the complaint for mailing to his prison's mail system, *see Noble v. Kelly*, 246 F.3d 93 (2d Cir. 2001) (holding that under the "mailbox rule," *pro se* prisoner filings are deemed "filed" on the date they are delivered to prison officials for mailing), but the complaint was received by the Court on December 6, 2021.[3]

---

[3] Plaintiff filed the complaint with an IFP application and a prisoner authorization, but the prisoner authorization did not specify the amount that the Court is allowed to collect from the Plaintiff's prison account. By order dated December 20, 2021, the Court directed Plaintiff to either pay the $402.00 in filing fees or submit a completed and signed prisoner authorization. (ECF No. 4.) Plaintiff submitted a completed and signed prisoner authorization on January 4, 2022. (ECF No. 5.)

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The face of the complaint indicates that this action is time-barred. In light of Plaintiff's *pro se* status, the Court grants him 30 days to show cause why this action should not be dismissed as time barred. Plaintiff's declaration should state facts showing that equitable tolling should be applied in this case. *See In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (noting that the doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity'"). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

**C.      Claims against Superintendent Capra and the New York State Court of Claims**

If the court were to exercise jurisdiction over this action, Plaintiff's negligence claims against Superintendent Capra would be dismissed. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Plaintiff's claims against the New York State Court of Claims would also be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . .." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Thus, even if Plaintiff can show that this court should assume jurisdiction, the case would only proceed as to the individual defendants involved in the alleged deprivation of Plaintiff's rights.

**CONCLUSION**

Plaintiff is directed to file a declaration within 30 days of the date of this order showing cause why the Court should not abstain from exercising jurisdiction over this action and why this action should not be dismissed as time barred. Plaintiff must submit the declaration to this Court's Pro Se Intake Unit within 30 days of the date of this order and label the document with docket number 21-CV-10388 (LTS). A declaration form is attached to this order. No summons

will issue at this time. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will dismiss this action as barred by the *Colorado River* doctrine and as time barred.

SO ORDERED.

Dated:   July 11, 2022
         New York, New York

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Fill in above the full name of each plaintiff or petitioner.

-against-

Case No. _____ CV _____

_____

_____

_____

_____
Fill in above the full name of each defendant or
respondent.

## DECLARATION

_____

_____
Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)               Signature

_____          _____
Name                             Prison Identification # (if incarcerated)

_____  _____    _____    _____
Address                          City         State       Zip Code

_____          _____
Telephone Number (if available)  E-mail Address (if available)